N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CORY GAMSJAGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:21-cv-12693 |
| v. ) | |
| ) | |
| CAINE & WEINER COMPANY, INC., ) | |
| DYNAMIC RECOVERY SOLUTIONS, LLC, ) | |
| and JEFFERSON CAPITAL SYSTEMS, LLC, ) | |
| ) | |
| Defendants. ) | |

### JEFFERSON CAPITAL SYSTEMS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant Jefferson Capital Systems, LLC ("Jefferson"), through counsel, and for its Answer and Affirmative Defenses to the Complaint filed by plaintiff, Cory Gamsjager ("Plaintiff"), states as follows:

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

**ANSWER: The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 1 state otherwise, denied.**

### Jurisdiction and Standing

2. The amount in controversy is less than $10,000.00, however, the Plaintiff's damages from each Defendant are exclusively statutory and therefore he does not have Art. III standing to have his case heard in federal court.

**ANSWER:  Jefferson denies the allegations in ¶ 2.**

### Parties

3. The Plaintiff to this lawsuit resides in Wayne, Michigan in Wayne County.

**ANSWER:   Jefferson denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.**

4. CAINE & WEINER COMPANY, INC., ("C&WCI") is a corporation doing business Michigan.

**ANSWER:   The allegations in ¶ 4 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.**

5. DYNAMIC RECOVERY SOLUTIONS, LLC, ("DRSLLC") is a corporation doing business Michigan.

**ANSWER:   The allegations in ¶ 5 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.**

6. JEFFERSON CAPITAL SYSTEMS, LLC, ("JCSLLC") is a corporation doing business Michigan.

**ANSWER:   Jefferson denies the allegations in ¶ 6.**

7. C&WCI is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681s-2(a)&(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**ANSWER:   The allegations in ¶ 7 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.**

## Venue

8. The first named Defendant's resident agent is located within the boundaries of this Court.

**ANSWER:   The allegations in ¶ 8 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.**

9. Venue is proper in the 35th District Court.

**ANSWER:** Jefferson denies the allegations in ¶ 9.

### General Allegations

10. Plaintiff discovered false information on one or more of his consumer reports being reported by C&WCI ("C&WCI false information").

**ANSWER:** **The allegations in ¶ 10 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.**

11. Mr. Gamsjager disputed the C&WCI false information by transmitting actual notice of his dispute along with an adequate description and explanation to one or more major credit reporting agencies.

**ANSWER:** **The allegations in ¶ 11 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.**

12. Mr. Gamsjager requested that one or more major credit reporting agencies reinvestigate and correct the C&WCI false information as envisioned by 15 U.S.C. § 1681i.

**ANSWER:** **The allegations in ¶ 12 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.**

13. Mr. Gamsjager's request for reinvestigation included sufficient information to provide actual notice that the C&WCI false information was inaccurate and the source of information was not reliable.

**ANSWER:** **The allegations in ¶ 13 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.**

14. One or more credit reporting agencies responded to this dispute from Mr. Gamsjager by requesting verification of the C&WCI false information from C&WCI.

**ANSWER:** **The allegations in ¶ 14 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.**

15. C&WCI responded to the reinvestigation request by verifying C&WCI false information.

**ANSWER:    The allegations in ¶ 15 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.**

16. C&WCI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

**ANSWER:    The allegations in ¶ 16 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.**

17. As a result of C&WCI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

**ANSWER:    The allegations in ¶ 17 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.**

18. Plaintiff also informed C&WCI in writing that it should cease and desist collection efforts.

**ANSWER:    The allegations in ¶ 18 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.**

19. C&WCI received the request to stop collecting but in spite of the request continued to collect in violation of the FDCPA.

**ANSWER:    The allegations in ¶ 19 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.**

20. JCSLLC purchased a debt from Cellco Partnership dba Verizon allegedly owed by Plaintiff ("Verizon debt").

**ANSWER: Jefferson admits it purchased a Verizon account owed by plaintiff.  Except as specifically admitted, Jefferson denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.**

21.     Plaintiff had previously disputed the debt in writing to Verizon.

**ANSWER:   Jefferson denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.**

22.     Upon information and belief, when JCSLLC bought the debt [sic] also purchased the information necessary to provide it with actual notice that Plaintiff disputed the Verizon debt.

**ANSWER:   Jefferson denies the allegations in ¶ 22.**

23.     JCSLLC hired DRSLLC to collect the Verizon debt from Plaintiff but failed to communicate that the Verizon debt was disputed in violation of the FDCPA.

**ANSWER: Jefferson admits placing the account with Dynamic for collection. Except as specifically admitted, Jefferson denies the allegations in ¶ 23.**

24.     DRSLLC attempted to collect the Verizon debt from Plaintiff in Michigan in spite of the fact that it is not a Michigan Corporation nor properly licensed in Michigan to collect debts in violation of the FDCPA.

**ANSWER:   Jefferson denies the allegations in ¶ 24.**

25.     Plaintiff is entitled to statutory damages from each Defendant.

**ANSWER:   Jefferson denies the allegations in ¶ 25.**

### COUNT I - Fair Credit Reporting Act C&WCI)

26.     Mr. Gamsjager incorporates the preceding allegations by reference.

**ANSWER:   Jefferson reasserts the forgoing as if fully stated herein.**

27.     C&WCI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Gamsjager through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

**ANSWER:    The allegations in ¶ 27 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.**

28. In the event that C&WCI was unable to verify the information which it had reported, C&WCI was required to advise the credit reporting agency of this fact.

**ANSWER: The allegations in ¶ 28 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.**

29. Following the reinvestigation, C&WCI reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

**ANSWER: The allegations in ¶ 29 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.**

30. Following the reinvestigation, C&WCI reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

**ANSWER: The allegations in ¶ 30 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a belief therein.**

31. Following the reinvestigation and dispatch of notice directly to C&WCI, C&WCI reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

**ANSWER: The allegations in ¶ 31 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 31 for lack of knowledge or information sufficient to form a belief therein.**

32. Following the reinvestigation and dispatch of direct notice to C&WCI, C&WCI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

**ANSWER: The allegations in ¶ 32 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.**

33. C&WCI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Gamsjager's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

**ANSWER:** The allegations in ¶ 33 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34. In the alternative, C&WCI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1680.

**ANSWER:** The allegations in ¶ 34 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. C&WCI willfully refused to properly reinvestigate the inaccuracies in Mr. Gamsjager's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

**ANSWER:** The allegations in ¶ 35 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. In the alternative, C&WCI negligently failed to conduct a proper reinvestigation of Mr. Gamsjager's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

**ANSWER:** The allegations in ¶ 36 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. Mr. Gamsjager has suffered damages as a result of these violations of the FCRA.

**ANSWER:** The allegations in ¶ 37 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

### COUNT II - Fair Debt Collection Practices Act (C&WCI)

38. Mr. Gamsjager incorporates the preceding allegations by reference.

**ANSWER:** Jefferson reasserts the foregoing as if fully stated herein.

39. At all relevant times C&WCI - in the ordinary course of its business - regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**ANSWER:** The allegations in ¶ 39 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. C&WCI is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

**ANSWER:** The allegations in ¶ 40 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. C&WCI's foregoing acts in attempting to collect this alleged debt against Mr. Gamsjager constitute violations of the FDCPA.

**ANSWER:** The allegations in ¶ 41 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. Mr. Gamsjager has suffered damages as a result of these violations of the FDCPA.

**ANSWER:** The allegations in ¶ 42 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 42 for lack of knowledge or information sufficient to form a belief therein.

### COUNT III - Michigan Occupational Code (C&WCI)

43. Mr. Gamsjager incorporates the preceding allegations by reference.

**ANSWER: Jefferson reasserts the foregoing as if fully stated herein.**

44. C&WCI is a "collection agency" as that term is defined in the Michigan Occupational-Code, M.C.L. § 339.901(b).

**ANSWER:** The allegations in ¶ 44 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. Mr. Gamsjager is a debtor as that term is defined in M.C.L. § 339.901(f).

**ANSWER:** The allegations in ¶ 45 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. C&WCI's foregoing acts in attempting to collect this alleged debt against Mr. Gamsjager constitute violations of the Occupational Code.

**ANSWER:  The allegations in ¶ 46 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.**

47. Mr. Gamsjager has suffered damages as a result of these violations of the Michigan Occupational Code.

**ANSWER:  The allegations in ¶ 47 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.**

### COUNT IV - Fair Debt Collection Practices Act (DRSLLC)

48. Mr. Gamsjager incorporates the preceding allegations by reference.

**ANSWER:  Jefferson reasserts the foregoing as if fully stated herein.**

49. At all relevant times DRSLLC - in the ordinary course of its business - regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**ANSWER:  The allegations in ¶ 49 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 49 for lack of knowledge or information sufficient to form a belief therein.**

50. DRSLLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

**ANSWER:  The allegations in ¶ 50 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 50 for lack of knowledge or information sufficient to form a belief therein.**

51. DRSLLC's foregoing acts in attempting to collect this alleged debt against Mr. Gamsjager constitute violations of the FDCPA.

**ANSWER:  The allegations in ¶ 51 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 51 for lack of knowledge or information sufficient to form a belief therein.**

52. Mr. Gamsjager has suffered damages as a result of these violations of the FDCPA.

**ANSWER: The allegations in ¶ 52 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 52 for lack of knowledge or information sufficient to form a belief therein.**

### COUNT V- Michigan Occupational Code (DRSLLC)

53. Mr. Gamsjager incorporates the preceding allegations by reference.

**ANSWER: Jefferson reasserts the foregoing as if fully stated herein.**

54. DRSLLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

**ANSWER: The allegations in ¶ 54 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 54 for lack of knowledge or information sufficient to form a belief therein.**

55. Mr. Gamsjager is a debtor as that term is defined in M.C.L. § 339.901(f).

**ANSWER: The allegations in ¶ 55 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 55 for lack of knowledge or information sufficient to form a belief therein.**

56. DRSLLC's foregoing acts in attempting to collect this alleged debt against Mr. Gamsjager constitute violations of the Occupational Code.

**ANSWER: The allegations in ¶ 56 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 56 for lack of knowledge or information sufficient to form a belief therein.**

57. Mr. Gamsjager has suffered damages as a result of these violations of the Michigan Occupational Code.

**ANSWER: The allegations in ¶ 57 are not directed towards Jefferson. To the extent a response is required, Jefferson denies the allegations in ¶ 57 for lack of knowledge or information sufficient to form a belief therein.**

### COUNT VI - Fair Debt Collection Practices Act (JCSLLC)

58. Mr. Gamsjager incorporates the preceding allegations by reference.

**ANSWER:   Jefferson reasserts the foregoing as if fully stated herein.**

59. At all relevant times JCSLLC - in the ordinary course of its business - regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**ANSWER:   Jefferson denies the allegations in ¶ 59.**

60. JCSLLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

**ANSWER:   Jefferson denies the allegations in ¶ 60.**

61. JCSLLC's foregoing acts in attempting to collect this alleged debt against Mr. Gamsjager constitute violations of the FDCPA.

**ANSWER:   Jefferson denies the allegations in ¶ 61.**

62. Mr. Gamsjager has suffered damages as a result of these violations of the FDCPA.

**ANSWER:   Jefferson denies the allegations in ¶ 62.**

### COUNT VII - Michigan Occupational Code (JCSLLC)

63. Mr. Gamsjager incorporates the preceding allegations by reference.

**ANSWER:   Jefferson reasserts the forgoing as if fully stated herein.**

64. JCSLLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

**ANSWER:   Jefferson denies the allegations in ¶ 64.**

65. Mr. Gamsjager is a debtor as that term is defined in M.C.L. § 339.901(f).

**ANSWER:   Jefferson denies the allegations in ¶ 65 as calling for a legal conclusion.**

66. JCSLLC's foregoing acts in attempting to collect this alleged debt against Mr. Gamsjager constitute violations of the Occupational Code.

**ANSWER:   Jefferson denies the allegations in ¶ 66.**

67. Mr. Gamsjager has suffered damages as a result of these violations of the Michigan Occupational Code.

**ANSWER:   Jefferson denies the allegations in ¶ 67.**

## Demand For Judgment for Relief

*ACCORDINGLY, Mr. Gamsjager requests that the Court award statutory damages against each Defendant, costs and attorney fees.*

**ANSWER:   Jefferson denies that plaintiff is entitled to any of the relief sought.**

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to Plaintiff's Complaint, Jefferson Capital Systems, LLC avers as follows.

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event Jefferson is found to be a debt collector as defined in the FDCPA, which is denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's claims may be subject to an arbitration agreement.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Jefferson and were beyond the control or supervision of Jefferson or for whom Jefferson was and is not responsible or liable.

**WHEREFORE,** Jefferson Capital Systems, LLC, requests the Court dismiss this action with prejudice, and grant it any other relief the Court deems appropriate.

Dated: December 20, 2021  Respectfully submitted,

*s/ Morgan I. Marcus*
Morgan I. Marcus
Andrew E. Cunningham
Sessions, Israel & Shartle, LLC
141 W. Jackson Boulevard, Suite 3550
Chicago, Illinois 60604
Telephone: (312) 578-0985
E-mail: mmarcus@sessions.legal
 acunningham@sessions.legal

*Attorneys for Defendant*
*Jefferson Capital Systems, LLC*

## **CERTIFICATE OF SERVICE**

  I certify that on December 20, 2021, the foregoing **Jefferson Capital Systems, LLC's Answer and Affirmative Defenses** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

           *s/ Morgan I. Marcus*
           Morgan I. Marcus

           *Attorney for Defendant*
           *Jefferson Capital Systems, LLC*